Filed 9/11/25  Mirano v. Fitness International CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| BERTA MIRANO et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>FITNESS INTERNATIONAL, LLC,<br><br>Defendant and Respondent. | B333302<br><br>(Los Angeles County Super. Ct. No. 21STCV16330) |

APPEAL from an order and judgment of the Superior Court of Los Angeles County, Anne Hwang, Judge.  Reversed with directions.

Berta Mirano, in pro. per., for Plaintiffs and Appellants.

Horvitz & Levy, Scott P. Dixler and Gaspard; Yoka│Smith, Alice Chen Smith and John K. Park for Defendant and Respondent.

_____

Plaintiffs and appellants Berta Mirano and her husband Guillermo Munoz Mirano appeal from a judgment entered in favor of defendant and respondent Fitness International, LLC, following an order granting summary judgment in this action arising out of the use of gym equipment.[1]  On appeal, the Miranos contend there are triable issues of fact as to whether Berta signed a waiver of liability and assumption of risk.  We agree, and therefore, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.     Incident, Complaint, and Motion for Summary Judgment

On May 13, 2019, Berta was injured while using a treadmill at LA Fitness club in Woodland Hills, California.  In her account, after five minutes, the treadmill suddenly accelerated and she fell.  On April 30, 2021, the Miranos filed a complaint against the gym's owner Fitness International for negligence, premises liability, and loss of consortium.

On June 5, 2023, Fitness International filed a motion for summary judgment on the grounds that Berta executed a waiver and assumption of risk form that provides a complete defense to the causes of action for negligence and premises liability, and in addition, Fitness International had no actual or constructive knowledge of a dangerous condition on its property.

---

[1] Because more than one party shares the last name Mirano, they will be referred to individually by their first names for ease of reference.  No disrespect is intended.

Fitness International submitted a copy of a waiver and assumption of risk form dated April 30, 2019, with Berta's name typed on it and her digitized handwritten signature above the member's signature line. The digitized signature is surrounded by a faint, uneven box that has a grainy quality. The waiver states, "[t]his waiver and release shall survive the term of any agreement I may have with LA Fitness . . . ."

Fitness International submitted the deposition testimony of operations manager Timothy Lozana. Technicians maintained the equipment every week, and prior to Berta's incident on May 13, 2019, Lozano had not heard any reports of equipment speeding up or stopping abruptly. Lozano did not have any responsibility for signing up members and he did not assist the sales team to sign people up. He was familiar with the waiver in Berta's name as the one that guests were required to sign; he did not know whether new members sign the same waiver. When someone checks in to the gym on a guest pass, the waiver populates with the person's information, the person reads and signs it, and a picture of the person is taken. To sign up for the "Silver Sneakers" program to have access to the gym, an individual can simply go to the front desk because no signatures are required.

Former Fitness International front desk employee Camila Castiglione testified in deposition that after new gym customers sign a waiver and assumption of risk form, they receive a printed copy.

Fitness International submitted Berta's deposition testimony as well. She explained that an employee of Fitness International met with the Miranos about becoming members. The employee said they had to sign their names on a little box to

3

become members of the gym. Prior to the date of the accident, Berta used the same treadmill at the gym six or seven times without any problems. After being shown the waiver form, Berta did not recognize the document, but acknowledged that the digitized signature at the bottom of the page was her signature. Berta explained that her husband spoke with the Fitness International employee about membership, because she doesn't speak English.

## B.     Substitution of Attorney and Opposition to Motion for Summary Judgment with Supporting Evidence

The Miranos substituted in a new attorney on August 2, 2023. They requested an extension of the trial date and all related dates, including discovery. The trial court granted the application to extend the trial date, but not the discovery or pre-trial motion cut-off dates.

On September 14, 2023, the Miranos filed an opposition to the motion for summary judgment. They argued triable issues of fact existed as to whether they were considered members or day guests of the gym. If members, since they were not provided a copy of the membership agreement, Fitness International violated Civil Code section 1812.82 and the agreement was void. The waiver form did not satisfy the requirements of Civil Code sections 1812.81, 1812.84, 1812.85, or 1812.93. Moreover, Berta denied seeing the waiver, signing the waiver, and could not have read or understood it, even if she were provided a copy, because she is not fluent in English. Although she testified in her deposition that she recognized the digitized signature on the waiver as being her signature, she denied signing the waiver.

4

There was no testimony by any Fitness International employee that Berta signed the waiver. If the Miranos were considered day guests, they would be required to sign a waiver on each visit, and Berta did not execute a waiver on the day of the injury. In addition, the release did not extend to statutory or regulatory violations, or to risks that were not inherent in the activity, as in this case.

The Miranos submitted Berta's declaration in support of the opposition. On April 30, 2019, Berta and Guillermo decided to join the LA Fitness near them. After a tour that day, the Miranos met with a Latino salesman who spoke English only. He asked the Miranos for information and entered information into his tablet. He asked Berta to sign in a little box on the tablet. She asked why she had to sign anything, and he responded that to use the services, she had to sign. After she signed only one box, he handed her a keychain tag with a barcode to use as a pass every time she entered the club. Berta's husband went through the same process. At no time did the salesman deliver a copy of the membership agreement or any waiver of liability by hand, mail, or email. Berta was not aware of the waiver until shown a copy in litigation. Although the digitized signature appeared identical to her own, she noted that she had provided multiple exemplars of her signature to Fitness International in discovery. She believed her signature had been transposed on the waiver form. At no time did she see or sign a waiver form as described by Fitness International. At no time did she place her signature in a little box on a tablet that looked like the page now presented as a waiver of liability and assumption of risk. The page that she placed her signature on had a logo, but the waiver does not.

The Miranos submitted Guillermo's declaration with the same information. Guillermo stated that after the tour, they decided to join the gym. A Latino man took their information and said it would only take a few minutes to sign them up and they could begin enjoying the services. Guillermo signed one little box and received a small keychain tag with a barcode to present to the receptionist, who would scan the barcode to grant access to the facility. The page he signed did not look like the page now being presented as a waiver of liability and assumption of the risk. Guillermo did not know anything about a waiver of liability and assumption of the risk prior to the litigation.

They also submitted Castiglione's deposition testimony stating that members complained a machine was broken or malfunctioning about once a week, and she could recall complaints about treadmills malfunctioning, although not about one stopping abruptly, speeding up rapidly, or starting without input by the user.

They submitted Lozano's deposition testimony explaining that some elderly individuals are eligible for the "Silver Sneakers" program through their medical plans. The program is similar to the guest pass program, in which a waiver is signed at the front desk and not with a sales team member.

In the Miranos' opposition to Fitness International's separate statement of undisputed facts, they did not dispute statements that Berta signed up to become a member of LA Fitness on April 30, 2019, and was a member of LA Fitness on the date of the accident. They disputed, however, that she saw or signed a waiver. In addition, they asserted that they were beneficiaries of the Silver Sneakers program who did not have to become members, but instead were treated like day guests,

6

required to receive daily passes to enter the gym, and there was no signed waiver for the day of the accident.

## C.    Reply and Trial Court Ruling

Fitness International filed a reply.  The company argued that the waiver was not a contract for health studio services subject to the requirements of Civil Code section 1812.80 et seq. In addition, Berta did not dispute that she was a member of LA Fitness, her husband handled the membership process, and she did not speak to anyone.  There was no evidence that she was required to sign a contract or sign daily waivers.  In addition, there was no evidence that the company was aware of a dangerous condition.

A hearing was held on the motion for summary judgment on September 28, 2023.  The trial court granted the motion.  The court found Fitness International met its burden because the executed waiver served as a complete defense.  The court found the opposition merely speculated that someone placed Berta's signature on the waiver, despite her acknowledgement that she signed on a tablet and it was her signature.  The court concluded that the Miranos could not avoid summary judgment based on speculation and conjecture, but instead must produce admissible evidence raising a triable issue of fact.  The court found it was not a defense that she did not read or understand the waiver.  Civil Code section 1812.81 did not apply, because the Miranos were not arguing that the waiver was part of any membership agreement or that the statute applied to tort liability waivers.  The court concluded Berta failed to meet her burden to show triable issues

of fact as to negligence or premises liability, and Guillermo's loss of consortium claim could not survive on its own.

The Miranos filed a notice of appeal on October 19, 2023, from the order entered on September 28, 2023, but they checked a box stating they were appealing from a "[j]udgment after an order granting a summary judgment motion."

On November 13, 2023, the trial court entered judgment in favor of Fitness International and against the Miranos. In the interests of justice, we deem the prematurely filed notice of appeal to be taken from the November 13, 2023 judgment. The Miranos' attorney substituted out, and the Miranos represented themselves on appeal.

## DISCUSSION

### A. Standard of Review

We review an order granting a motion for summary judgment de novo. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860 (*Aguilar*); *Ryan v. Real Estate of Pacific, Inc.* (2019) 32 Cal.App.5th 637, 642 (*Ryan*).) "A defendant moving for summary judgment has the initial burden of showing that a cause of action lacks merit because one or more elements of the cause of action cannot be established or there is a complete defense to that cause of action. (Code Civ. Proc., 3 § 437c, subd. (*o*); *Aguilar, supra*, 25 Cal.4th at p. 850.)" (*Ryan, supra*, 32 Cal.App.5th at p. 642, fn. omitted.) "[I]f the moving papers make a prima facie showing that justifies a judgment in the defendant's favor, the burden shifts to the plaintiff to make a prima facie showing of the existence of a triable issue of material fact.

8

(§ 437c, subd. (p)(2); *Aguilar, supra*, 25 Cal.4th at p. 849; *Kahn v. East Side Union High School Dist.* (2003) 31 Cal.4th 990, 1002–1003.)" (*Ryan, supra*, 32 Cal.App.5th at p. 642.)

The court must view the evidence, and all reasonable inferences that can be drawn from the evidence, in the light most favorable to the party opposing summary judgment. (*Aguilar, supra*, 5 Cal.4th at p. 843.) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Id.* at p. 850, fn. omitted.) "Thus, a party 'cannot avoid summary judgment by asserting facts based on mere speculation and conjecture, but instead must produce admissible evidence raising a triable issue of fact.' [Citation.]" (*Ryan, supra*, 32 Cal.App.5th at p. 643.)

## B.    Waiver

Fitness International met its initial burden on summary judgment by submitting evidence that Berta signed a waiver and assumption of risk on April 30, 2019, giving Fitness International a complete defense to the claims alleged in the complaint. The burden of production shifted, which the Miranos contend they met by showing the existence of triable issues of fact as to whether Berta signed the waiver submitted by Fitness International. We agree.

An electronic signature has the same legal effect as a handwritten signature. (Civ. Code, § 1633.7, subd. (a).) "An electronic record or electronic signature is attributable to a person if it was the act of the person. The act of the person may

9

be shown in any manner, including a showing of the efficacy of any security procedure applied to determine the person to which the electronic record or electronic signature was attributable." (Civ. Code, § 1633.9, subd. (a).)

The evidence necessary to show a disputed issue of fact concerning the authenticity of an electronic signature has been examined frequently in the context of motions to compel arbitration agreements. (See, i.e., *West v. Solar Mosaic LLC* (2024) 105 Cal.App.5th 985, 992; *Ruiz v. Moss Bros. Auto Group, Inc.* (2014) 232 Cal.App.4th 836, 840 (*Ruiz*).) For example, in *Ruiz, supra*, plaintiff Ernesto Ruiz did not deny that the electronic signature on an arbitration agreement was his signature, but declared that he did not recall signing the agreement and would not have signed it if it had been presented to him. The court concluded that since Ruiz did not recall electronically signing the agreement, the fact that the agreement had an electronic signature on it in his name, with a date and time stamp for the signature, was insufficient to support a finding that the electronic signature was, in fact, "the act of" Ruiz within the meaning of Civil Code section 1633.9, subdivision (a). (*Ruiz, supra*, 232 Cal.App.4th at p. 844.) Because Ruiz did not recall signing the agreement, the defendant had the burden to prove by a preponderance of the evidence that the electronic signature was authentic (Evid. Code, § 1401), and thus "the act of" Ruiz (Civ. Code, § 1633.9, subd. (a)). (*Id.* at p. 846.) The court found the defendant's evidence failed to explain how Ruiz's signature came to be placed on the agreement or how it could be inferred that the electronic signature on the agreement was the act of Ruiz.

In this case, it is undisputed that Berta provided one electronic signature to the gym in a box on a tablet and she recognized the digitized signature on the waiver as her signature, but she declared the waiver was not the document that she put her signature on. The electronic document that she signed had a logo, but the waiver form does not have a logo. She had no knowledge of any waiver until it was produced by Fitness International in litigation. In the context of an electronic signature, this evidence was sufficient to raise a triable issue of fact about the authenticity of the agreement.

In response, Fitness International provided no information from which to conclusively determine that Berta placed the electronic signature on the waiver. There was no declaration from the employee who gathered the signature from her, no data showing when the signature was placed on the waiver, no details about the Miranos' membership agreement, and no information about the number of documents typically signed to establish the type of membership that the Miranos selected. Based on the evidence submitted, a triable issue of fact exists as to the authenticity of Berta's electronic signature on the waiver.

## C.    Constructive Knowledge

The trial court declined to reach Fitness International's alternative argument that there were no triable issues of material fact as to premises liability because the company had no actual or constructive notice of a dangerous condition. Fitness International relied on evidence that a technician visited the gym once a week to maintain the machines and there were no reports

11

of a machine speeding up or stopping abruptly without user input.

In response, the Miranos submitted an equipment service history purportedly containing entries about maintenance performed by an employee of LA Fitness and produced by LA Fitness in discovery, which they asserted showed lengthier periods of time between inspections. As noted above, they also submitted Castiglione's deposition testimony in opposition to summary judgment, stating that members complained a machine was broken or malfunctioning about once a week, and she could recall complaints about treadmills malfunctioning, although not about the particular issue that Berta experienced. In addition, they submitted portions of Lozano's deposition testimony discussing specific entries from the equipment service history.

On appeal, Fitness International contends the equipment service history is not admissible evidence, because it was unauthenticated hearsay that was not subject to any exception. We conclude that even without considering the service history, the evidence submitted in connection with summary judgment showed a triable issue of fact as to whether LA Fitness was reasonably diligent in monitoring and maintaining the treadmill.

It is undisputed that Guillermo's cause of action for loss of consortium rests on the other claims. Because the Miranos met their burden to show triable issues of material fact, the motion for summary judgment must be denied.

## DISPOSITION

The judgment and the order granting summary judgment are reversed. The trial court is directed to enter a new and different order denying the motion for summary judgment. Appellants Berta Mirano and Guillermo Munoz Mirano are awarded their costs on appeal.

NOT TO BE PUBLISHED.


                                              MOOR, J.

WE CONCUR:


        HOFFSTADT, P. J.


        KIM (D.), J.